John K. Bennett, Esq. (Bar ID #024201980)
Joshua D. Allen, Esq. (Bar ID #0244552018)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANGELINA PORTER, | : | |
| | : | |
| | : | Civil Action No. _____ |
| Plaintiff, | : | |
| | : | |
| vs. | : | **NOTICE OF REMOVAL** |
| | : | |
| EXPRESS SCRIPTS INC.; EXPRESS SCRIPTS PHARMACY, INC.; and JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

TO:   William T. Walsh, Clerk of Court
      United States District Court for the District of New Jersey
      Mitchell H. Cohen Building & U.S. Courthouse
      4th & Cooper Streets
      Camden, NJ 08101

      Daniel T. Silverman, Esq.
      Costello & Mains, LLC
      18000 Horizon Way, Suite 800
      Mount Laurel, New Jersey 08054

This Notice of Removal by Defendants, Express Scripts, Inc., and Express Scripts Pharmacy, Inc. ("Express Scripts" or "Defendants"), respectfully shows, in accordance with the provisions of 28 U.S.C. § 1446, that this action filed by Plaintiff, Angelina Porter, is properly removed from the Superior Court of New Jersey, Law Division, Burlington County, to this Court, as follows:

1.      Plaintiff, Angelina Porter, has brought a civil action against Express Scripts in the Superior Court of New Jersey, Law Division, Burlington County, captioned as <u>ANGELINA PORTER, Plaintiff, vs. EXPRESS SCRIPTS INC.; EXPRESS SCRIPTS PHARMACY, INC.; and JOHN DOES 1-5 and 6-10, Defendants</u>, Docket No. BUR-L-001664-20, filed on August 28, 2020.

2.      Express Scripts was served with the Complaint and Summons through its registered agent CSC, on September 16, 2020. A copy of the Notice of Service of Process, and the Complaint, are attached hereto as Exhibit A.

3.      This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b).

4.      Express Scripts Pharmacy, Inc., the entity that employed Plaintiff, is a Delaware corporation having its principal place of business located in St. Louis, Missouri; therefore, Express Scripts is a citizen of Delaware and Missouri.

5.      Plaintiff, Angelina Porter, asserts in her Complaint that she resides in Glendora, New Jersey; therefore, Plaintiff is a citizen of New Jersey.

6.      The amount in controversy based on the claims asserted in Plaintiff's Complaint exceeds the amount specified in 28 U.S.C. § 1332(a). Plaintiff demands monetary remedies for the termination of her employment, including compensatory damages, punitive damages, attorneys' fees, interest, costs and other relief.

7.      Therefore, this action is properly removed to this Court based on its original diversity-of-citizenship jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1446(c).

WHEREFORE, Defendants, Express Scripts, Inc., and Express Scripts Pharmacy, Inc., respectfully request that this action proceed in its entirety in this Court as an action properly removed hereto.

Respectfully submitted,
JACKSON LEWIS P.C.
ATTORNEYS FOR DEFENDANTS

By: _____

John K. Bennett

Dated:  October 13, 2020

4818-9577-4155, v. 1

# EXHIBIT A

**From:** sop@cscinfo.com <sop@cscinfo.com>
**Sent:** Friday, September 18, 2020 7:48 AM
**To:** Cooney, Whitney (STL) <WCooney@express-scripts.com>
**Subject:** [EXTERNAL] Notice of Service of Process - Transmittal Number: 22035913



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: <u>22035913</u>
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Express Scripts Pharmacy, Inc. |
| **Entity I.D. Number:** | 3227114 |
| **Entity Served:** | Express Scripts Pharmacy, Inc. |
| **Title of Action:** | Angelina Porter vs. Express Scripts, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Burlington County Superior Court, New Jersey |
| **Case/Reference No:** | BUR-L-1664-20 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 09/16/2020 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

1

**Sender Information:**
Daniel T. Silverman
856-727-9700

---

**Primary Contact:**
Tina  Italiano
Express Scripts Holding Company

**Electronic copy provided to:**
Adam Fuemmeler
Sarah Jordan
Mila Baumann
Bonita Benda
Allison Stoll
ESI Litigation Support
Whitney Cooney
Adam Rucker

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

251 Little Falls Drive, Wilmington, Delaware 19808-1674
(888) 690-2882  |  sop@cscglobal.com

**COSTELLO & MAINS, LLC**
By: Daniel T. Silverman, Esquire
Attorney I.D. No. 017582008
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| ANGELINA PORTER, | SUPERIOR COURT OF NEW JERSEY |
| | BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | |
| EXPRESS SCRIPTS, INC.; EXPRESS | DOCKET NO: |
| SCRIPTS PHARMACY, INC.; and JOHN | |
| DOES 1-5 AND 6-10, | |
| | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Angelina Porter, residing in Glendora, New Jersey, by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is opened to the Court under the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination, perception of disability discrimination, failure to engage in the interactive process and failure to accommodate

### Identification of Parties

1.     Plaintiff Angelina Porter is, at all relevant times herein, a resident of the State of New Jersey and an employee of the Defendants.

2.     Defendant Express Scripts, Inc. is, at all relevant times herein, an entity conducting business at 2040 Hughes Drive, Burlington, New Jersey, and was the employer of the Plaintiff.

3.     Defendant Express Scripts Pharmacy, Inc. is, at all relevant times herein, an entity conducting business at 2040 Hughes Drive, Burlington, New Jersey, and was the employer of the Plaintiff.

4.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

### General Allegations

5.     Defendant employed Plaintiff as a pharmacy technician from on or about March 16, 2020 until her unlawful discharge on or about April 2, 2020.

6.     At all times, Plaintiff performed up to and beyond the reasonable expectations of her employer.

7.     During her interview for the position, Plaintiff disclosed to Defendants that she suffers from asthma and chronic breathing problems.

8.     Plaintiff inquired at the time of the interview if her disability would present any problems in the position, and Defendant responded in the negative.

9.     Plaintiff is disabled within the meaning of that term under the LAD.

10.     In addition and/or in the alternative, Defendant perceived Plaintiff as disabled.

11.     Plaintiff's employment began with a training class.

12.     On April 1, 2020, while on a break from her training class, Plaintiff coughed into her shirt.

13.     Plaintiff believed the cough to be a manifestation of her long term chronic condition.

14.     After Plaintiff returned to the classroom, defendant's maintenance supervisor came into the room and began to scream at Plaintiff that she had been inconsiderate and disrespectful as there were signs all over the building stating that employees should stay home if sick.

15.     Plaintiff explained that she was not sick, but rather had asthma.

16.     The maintenance supervisor responded, "I don't give a fuck," and further stated that Plaintiff was required to leave the building unless she had medical documentation stating that she was free of the covid-19 virus.

17.     Plaintiff's instructor, Tameeka Brown, then told Plaintiff that she would speak to the site supervisor about the situation.

18.     The site supervisor instructed everyone in the room to wear facemasks.

19.     As Plaintiff put on the mask, she began to experience an allergic reaction.

20.     Plaintiff explained to her instructor that she could not wear the mask because of an allergic reaction.

21.     Another supervisor, Greg Higgins, then met with Plaintiff in a separate room..

22.     Plaintiff explained her allergic reaction, but Mr. Higgins stated that she would wear the mask or leave the building.

23.     Plaintiff inquired if she would be terminated if she left the building, but Mr. Higgins was unable to provide definitive information.

24.     The next day, April 2, 2020, another supervisor, Rick, called Plaintiff and advised that Defendant had terminated Plaintiff's employment for "probationary release."

25.     When Plaintiff pressed for a further explanation, Rick continued to repeat "probationary release" as the only reason for termination.

26.     At no point did the Defendant engage in any form of interactive process to determine what reasonable accommodation could have been provided to the Plaintiff.

27.     Defendant failed to reasonably accommodate Plaintiff's disability.

28.     A determinative and/or motivating factor in Plaintiff's discharge was Plaintiff's disability.

29.     In addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's discharge was Defendant's perceptions held regarding Plaintiff as disabled.

30.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and emotional harm.

31.     Because the actions of Defendants were undertaken by members of upper management and/or because members of upper management were willfully indifferent to the same, and because those actions were especially egregious, punitive damages are warranted.

## COUNT I

## Disability Discrimination Under the LAD

32.     Plaintiff hereby repeats and realleges paragraphs 1 through 31, as though fully set forth herein.

33.     For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

34.     Plaintiff hereby repeats and realleges paragraphs 1 through 33, as though fully set forth herein.

35.     For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT III

### Failure to Accommodate Under the LAD

36.     Plaintiff hereby repeats and realleges paragraphs 1 through 35, as though fully set forth herein.

37.     For the reasons set forth above, the Defendants are liable to Plaintiff for a failure to accommodate disability under the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IV

### Failure to Engage in the Interactive Process Under the LAD

38.     Plaintiff hereby repeats and realleges paragraphs 1 through 37, as though fully set forth herein.

39.     For the reasons set forth above, the Defendants are liable to Plaintiff for a failure to engage in the interactive process under the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT V

### Request for Equitable Relief

40.     Plaintiff hereby repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41.     Plaintiff requests the following equitable remedies and relief in this matter.

42.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

43.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

44.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

BUR-L-001664-20   08/28/2020 1:14:27 PM   Pg 7 of 9 Trans ID: LCV20201518672

45.    Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

46.    Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By: **/s/ Daniel T. Silverman**
      **Daniel T. Silverman**

Dated: August 28, 2020

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause  of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:  **/s/ Daniel T. Silverman**
     **Daniel T. Silverman**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:  **/s/ Daniel T. Silverman**
     **Daniel T. Silverman**

BUR-L-001664-20   08/28/2020 1:14:27 PM   Pg 9 of 9 Trans ID: LCV20201518672

## RULE 4:5-1 CERTIFICATION

1.  I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.  I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: **/s/ Daniel T. Silverman**
       **Daniel T. Silverman**

## DESIGNATION OF TRIAL COUNSEL

Daniel T. Silverman, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: **/s/ Daniel T. Silverman**
       **Daniel T. Silverman**